**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

EMORY UNIVERSITY,

      Plaintiff,

v.

THE UNITED STATES OF
AMERICA,

      Defendant.

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
1:07-CV-1528-RWS

## **ORDER**

This case is before the Court on Plaintiff Emory University's ("Emory") Motion to Deem Admitted Plaintiff's First Set of Requests for Admission [73], Plaintiff's Motion to Compel Production of Document [88], Plaintiff's Motion for Leave to File Surreply in Opposition to Defendant's Motion to Take Additional Depositions and to Extend Discovery Period [85] and Defendant United States' Motion for In Camera Review [96]. After reviewing the entire record, the Court enters the following Order.

## **Discussion**

### **I. Motion to Deem Admitted Plaintiff's First Set of Requests for Admission**

This case arises out of a dispute over Emory's claim for a tax refund.

Emory filed suit for a refund of certain employment tax returns paid on stipends received by medical residents for the tax years 1995 through 2005. Emory maintains that these taxes were paid erroneously and that such wages are exempt from Federal Insurance Contribution Act ("FICA") taxes because of the student exception found in 26 U.S.C. § 3121(b)(10). Based on Internal Revenue Service ("IRS") filings and historical payroll data available to Emory, the university previously estimated the value of its refund to be approximately $55 million, plus interest.

In Plaintiff's First Set of Document Requests, Emory requested that the Government produce "[all] Forms W-2, W2c, and any other Document relating to the amount of FICA taxes paid or reported by Emory University for the period January 1, 1995 through December 31, 2005 with respect to each Emory University medical resident named in paragraph (2) of Emory University's Certificate of Interested Persons (filed on September 24, 2007)."[1] On November 30, 2007, the Government agreed to produce responsive documents.

---

[1] Emory has admitted that it had in its possession Forms W-2 and W-2c for each resident, as they used this information to compile the chart at issue in this motion. However, Emory wishes to obtain the government's forms so that the university may determine why the refund amount is in dispute.

2

However, during the parties' subsequent meet-and-confer discussion regarding deficiencies in the Government's responses generally, the Government stated that it would be burdensome to produce forms W-2 and W-2c. In response, Emory served the subject Requests for Admissions ("RFAs") on February 4, 2008, requesting that the Government admit Emory's figures for the FICA tax payment amounts for each resident for the period at issue. The RFAs consisted of a list of each resident's social security wages, social security tax withheld, medicare wages and tips, and medicare tax withheld. The list covers the ten taxable years and includes approximately 4,500 individuals. The 326 page document has 13,656 entries, with four columns per entry that Emory has asked the Government to admit.

Emory also served a Second Set of Document Requests, asking that the government produce all documents (including any Forms W-2 and Forms W-2c), on which the Government relied to deny the truth of any particular resident amount set forth in the RFAs. This second set was an attempt to request only those documents relating to resident amounts that the Government disputes.

A response to the RFAs was due from the Government on March 5, 2008. On February 13, 2008, Emory proposed a stipulation as to the accuracy of the

chart and proposed to withdraw the Requests for Admission in the event that the parties could reach such a stipulation. In a letter dated February 29, 2008, the Government stated that Emory's request was overly burdensome, especially in light of the fact that Emory already had the requested data and the fact that verification of each entry in the chart could take up to a year for the Government to complete. In an effort to compromise, the Government instead agreed to sign the stipulation upon verification of Emory's W-2 figures for a random sample of 50 residents. Emory did not withdraw the RFAs based on the Government's letter, nor did it express any objection to the Government's proposed plan.

On March 12, the Government informed Emory that most of the W-2 records were in storage and that it would take 6-8 weeks for the IRS to retrieve them to conduct the sample. After further investigating this sampling process, the IRS estimated that it would require 1400 hours of work, which would take 6 to 8 weeks, to conduct the sampling process. The Government advised Emory of this estimate on March 12, 2008. Emory was not satisfied with the time it would take the Government to review the chart, so it filed the instant Motion to Deem Admitted Plaintiff's First Set of Requests for Admission [73].

4

Subsequent to completion of the briefing of this Motion, the Government filed a supplemental response [105] stating that, having completed its sample review and found no errors in Emory's data, it admitted the requested information. Accordingly, Plaintiff's Motion [73] is **DENIED, as moot**.

## II. Motion for Leave to File Surreply

On March 12, 2008, Defendant filed a Motion to Take Additional Depositions and to Extend the Discovery Period [64]. Following complete briefing of the motion, Plaintiff filed a Motion for Leave to File a Surreply [85]. On April 21, 2008, the Court entered an Order [89] granting the Motion to Take Additional Depositions and to Extend the Discovery Period [64]. In ruling on the motion, the Court considered Plaintiff's surreply. However, the Court did not specifically rule on the Motion for Leave on the record, and thus, the Motion remains on the Court's docket. Accordingly, the Motion for Leave to File Surreply [85] is **GRANTED**, *nunc pro tunc* to April 21, 2008.

## III. Motion to Compel Production of Document and Motion for In Camera Review

Defendant has moved for in camera review of three documents. Plaintiff has moved to compel the production of a government document drafted by IRS

5

Agent Carman Avery ("the Avery Report"). As described above, an important issue in this case is whether Emory medical residents fall within the student exception to FICA taxation. Before filing the instant suit, Emory filed refund claims for the FICA taxes paid on medical resident wages for the taxable years 1995 through the quarter ending March 31, 2005, as required by section 7422(a) of the Internal Revenue Code. During 2001 and 2002, the IRS conducted a large case audit of Emory which included an assessment of Emory's FICA tax refund claims for the taxable years 1995 through 1999. IRS agents examined Emory's medical residency programs and interviewed faculty directors and medical residents at Emory. The IRS never issued a final decision regarding the refund claims for FICA taxes paid on medical resident wages, and Emory now seeks relief from this court.

At the outset of discovery in the case, Emory requested the IRS's documents relating to Emory's refund claims, including documents relating to the IRS's audit. Emory also requested any memoranda, evaluations, analyses, reports, and studies relating to whether medical resident wages paid by Emory should be exempt from FICA taxation under the student exception. In response, the Government produced e-mail correspondence between Ms. Viris Pownell-

Williams, an IRS employee, and Ms. Carman Avery, an IRS agent who worked on the audit of Emory's refund claims. The e-mail correspondence references the existence of a report drafted by Avery on or around October 4, 2001, setting forth her audit findings concerning whether Emory's medical students qualify for the student exception - the Avery Report. According to the e-mail, Avery determined that Emory medical residents should be exempt from FICA taxation under the student exception. The e-mail also states that Avery provided a copy of her nine-page report to Pownell-Williams. When the government refused to produce this copy, Emory filed a Motion to Compel [88].

The Government has asserted a deliberative process privilege and refuses to disclose the contents of the Avery Report. The Government has filed a motion [96] for in camera review of the Avery report as well as two other related documents in order for the Court to determine whether the deliberative process privilege should apply to the Avery Report. The Court accepts the government's invitation to review these documents in camera before making a determination of whether the privilege should apply. For this reason, the government's Motion for In Camera Review [96] is hereby **GRANTED**. The Court therefore reserves ruling on Emory's Motion to Compel [88].

AO 72A
(Rev.8/82)

## Conclusion

In conclusion, Plaintiff's Motion to Deem Admitted Plaintiff's First Set of Requests for Admission [73] is hereby **DENIED, as moot**; Plaintiff's Motion for Leave to File Surreply in Opposition to Defendant's Motion to Take Additional Depositions and to Extend Discovery Period [85] is hereby **GRANTED**, *nunc pro tunc* to April 21, 2008; and Defendant United States' Motion for In Camera Review [96] is hereby **GRANTED**. Defendant is hereby **ORDERED** to submit to the Court, under seal, the documents identified in its Motion for In Camera Review within ten (10) days of the entry of this Order.

**SO ORDERED**, this   25th   day of July, 2008.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

8