IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **EMORY UNIVERSITY,**   )<br>   )<br>   Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>**THE UNITED STATES OF**   )<br>**AMERICA,**   )<br>   )<br>   Defendant.   )<br>_____   ) | CIVIL ACTION<br><br>No. 1:07-CV-1528-RWS |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF MATERIAL FACTS**

In support of Plaintiff Emory University's ("Emory") memorandum of law in opposition to Defendant's motion for summary judgment, Emory respectfully submits the following response to Defendant's Statement of Material Facts (Dkt. # 131-2) ("Defendant's Statement").

As a threshold matter, Emory contends that the facts asserted and deposition testimony cited in Defendant's Statement are irrelevant as a matter of law to the determination of an employer-employee relationship under FICA, for the reasons set forth in Emory's memorandum of law. In addition, Emory

responds separately to each numbered paragraph of Defendant's Statement as follows:

      1. Emory objects to Defendant's first statement of fact as immaterial to Defendant's motion as a matter of law. Whether residents are employees for purposes of FICA is determined by reference to "the usual common law rules applicable in determining the employer-employee relationship." 26 U.S.C. § 3121(d)(2). *See also* 26 C.F.R. § 3121(d)(2) (discussing common law factors relevant for FICA purposes). Moreover, under the governing Treasury regulations, "[i]f the relationship of employer and employee exists, the designation or description of the relationship by the parties as anything other than that of employer and employee is immaterial." *See* 26 C.F.R. § 31.3121(d)-1(a)(3). Accordingly, individual testimony is irrelevant to the legal conclusion of whether the requisite common law employer-employee relationship for employment tax purposes existed between Emory and the residents.

      Without waiving its objections, Emory admits that medical residents were students, but Emory denies that the residents were not also employees of Emory for purposes of FICA. Emory further responds that the cited deposition testimony, even if relevant, does not support Defendant's assertion because *none* of the witnesses denied that residents were considered "employees" under the

common law rules applicable for employment tax purposes, and Defendant's counsel never asked that question. Indeed, most of the deponents were not asked whether they considered residents to be "employees" at all. *See, e.g.,* Def. Ex. A at 3, 7, Raynor Dep. pp. 15, 18; Def. Ex. A at 25, Crowder Dep. p. 156; Def. Ex. A at 52, Cohen Dep. p. 104.[1] In addition, Emory incorporates by reference its concurrently filed Statement of Additional Material Facts in Opposition to Defendant's Motion for Summary Judgment, setting forth the evidence showing that residents were "employees" of Emory under the common law rules applicable for employment tax purposes.

    2.    Emory objects to Defendant's second statement of fact as immaterial as a matter of law. Courts interpret the term "service" broadly for purposes of FICA. *Social Security Bd. v. Nierotko*, 327 U.S. 358, 365 (1946). Under the governing Treasury regulations, "[i]f the relationship of employer and employee exists, the designation or description of the relationship by the parties as anything other than that of employer and employee is immaterial." *See* 26 C.F.R. § 31.3121(d)-1(a)(3). Accordingly, individual testimony is irrelevant to whether

---

[1] "Def. Ex. A" refers to Exhibit A to Defendant's summary judgment motion, which is a composite of excerpts from various depositions. Following Defendant's convention, this Response cites to both the page number of the exhibit and the original page number of the depositions.

the requisite common law employer-employee relationship for employment tax purposes existed between Emory and the residents.

Without waiving its objections, Emory admits that residents participate in a residency program to learn as students, but Emory denies that residents do not perform "services" within the broad meaning of FICA. Emory further responds that the cited deposition testimony, even if relevant, does not support Defendant's assertion, because *none* of the witnesses was asked whether residents performed "services," and none denied performing "services" within the meaning of FICA. In fact, the testimony cited by Defendant actually confirms that residents perform services (within the broad meaning of FICA) in the course of learning to provide patient care. *E.g.*, Def. Ex. A at 33-36, Corvera Dep. pp. 40-41 (describing procedures learned and performed by a first-year surgery resident), 51-52 ("In the operating room, I would perform procedures. I could perform certain procedures from the beginning to the end, but the faculty surgeon would be present and scrubbed for the procedure and supervising the entire time."); Def. Ex. A at 62, Cooke Dep. p. 56 (testifying that "residents are performing tasks associated with patient care. They are doing clinical activities as an obligatory part of learning clinical medicine."); Def. Ex. A at 43, Murali Dep. p. 34 (internal medicine

residents "certainly are involved in the management of patients under the very strict supervision of an attending physician").

Emory also responds that Defendant has omitted additional testimony from those witnesses (and others) that refutes Defendant's assertion. The witnesses identified by the Defendant testified extensively regarding the activities performed by residents in the course of learning patient care. *See* Schickedanz Dep. (Ex. GG) at 112-16 (describing activities of a third-year OB-GYN resident); Cohen Dep. (Ex. HH) at 42-43 (describing activities of first-year surgery and internal medicine residents); Schayes Dep. (Ex. AA) at 15-17 (describing residents' activities in family practice continuity clinics); Oyesiku Dep. (Ex. Y) at 34-37 (describing residents' participation in neurosurgical procedures); Oskouei Dep. (Ex. X) at 11-15 (describing residents' activities in orthopedic surgery rotations); Raynor Dep. (Ex. Z) at 110-112 (describing activities of OB-GYN resident on labor and delivery rotation); Sharma Dep. (Ex. BB) at 56-64 (describing activities of residents on surgical pathology rotation); Zaiden Dep. (Ex. FF) at 96-99, 145:12-14 (describing activities of anesthesiology residents).[2]

---

[2] "Ex. _" refers to the lettered exhibits attached to Emory's Memorandum of Law in Opposition to Motion for Summary Judgment.

3.     Emory objects to Defendant's third statement of fact as immaterial as a matter of law.  Unless an exception to FICA applies, "all remuneration" for employment may be subject to taxation as "wages," regardless of whether the remuneration is considered compensation for services rendered. *See, e.g., CSX Corp. v. United States*, 518 F.3d 1328, 1333 (Fed. Cir. 2008) ("The term 'wages' encompasses more than the amount paid for particular services rendered; as long as the payment in question is remuneration for the overall employment relationship, it is properly encompassed within the term 'wages' under section 3121(a) of FICA.").  Accordingly, individual testimony is irrelevant to the legal conclusion of whether resident stipends are "wages" under FICA.

        Without waiving its objections, Emory denies that stipends are not considered "wages" under FICA.  The cited deposition testimony, even if relevant, does not support Defendant's assertion, because *none* of the witnesses was even asked whether resident stipends were "wages" for purposes of FICA taxation, and *none* denied that stipends were "wages" within the broad meaning of FICA.

        4.     Emory objects to Defendant's fourth statement of material fact as immaterial as a matter of law.  The Eleventh Circuit's decision in *United States v. Mount Sinai Medical Center of Florida, Inc.*, 486 F.3d 1248 (11th Cir. 2007) forecloses the Government's argument that residents are *per se* ineligible to qualify

for the student exception to FICA taxes.  Without waiving its objection, Emory admits that residents in the first year of a residency program were historically called "interns," and that this label (although not used by the ACGME) is still used in common discourse.

            Respectfully submitted,

            */s/ Brent F. Powell*
            Eric C. Bosset
            Brent F. Powell
            Kimberly A. Gould
            (admitted *pro hac vice*)
            COVINGTON & BURLING LLP
            1201 Pennsylvania Ave., N.W.
            Washington, D.C. 20004-2401
            Telephone: (202) 662-6000
            Facsimile: (202) 662-6291

            Henry R. Chalmers (Ga. Bar No. 118715)
            ARNALL GOLDEN GREGORY LLP
            171 17th Street, N.W.
            Suite 2100
            Atlanta, GA 30363
            Telephone: (404) 873-8500
            Facsimile: (404) 873-8501

October 7, 2008            *Counsel for Emory University*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **EMORY UNIVERSITY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 1:07-CV-1528-RWS** |
| **THE UNITED STATES OF** ) | |
| **AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## CERTIFICATE OF SERVICE

This is to certify that on October 7, 2008, the undersigned caused a copy of the foregoing Plaintiff's Response to Defendant's Statement Of Material Facts to be served on counsel of record by electronic notice through the Court's CM/ECF system.

/s/ Brent F. Powell
Brent F. Powell
(admitted *pro hac vice*)