**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| EMORY UNIVERSITY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-1528-RWS |
| THE UNITED STATE OF : | |
| AMERICA, : | |
| : | |
| Defendant. : | |

## **ORDER**

This case is before the Court for consideration of Defendant's Motion to Compel [126]. After reviewing the record, the Court enters the following Order.

On June 25, 2008, the United States subpoenaed Dr. Molly Cooke for the production of "the most recent draft of <u>Educating Physicians: Preparing Doctors for the 21st Century</u>, co-authored by Molly Cooke, M.D..) Simultaneously, the United States sent a document request to Plaintiff seeking the draft. Defendant objected to the request on the basis that the book was only in draft form and is "by definition, unfinished and subject to change, and thus is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." (Pl.'s

Resp. to Def.'s Second Request for Production of Documents at 2.) Defendant argues that because Dr. Cooke listed her work on the book in her expert qualifications, Defendant is entitled to discover what she has written. Defendant also asserts that Plaintiff will have an ongoing obligation pursuant to Federal Rule of Civil Procedure 26(e) to supplement with future drafts of the book. However, realizing that the book is still in production, Defendant has offered to limit the supplementation requirement for Plaintiff.

The issue before the Court is whether an expert should be required to produce drafts of a publication that is still in the research and drafting stage. Defendant had the opportunity to question Dr. Cooke about the book at her deposition. When asked what stage the book was in, Dr. Cooke responded: "It is not a book yet. So, as I said, we haven't tackled the recommendations. . . . The residency chapter, whether it is one or two chapters is–there is one-third of a first draft that–I mean David and Bridget haven't seen it because it is not written yet and then the–as I said, the recommendations part hasn't been done. So, it is far from a book." (Cooke Dep. at 43-44, 45.)

A party is permitted to obtain discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). However, the Court has the authority to limit discovery if it determines that "the

2

burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). Due to the lack of probative value of the document at issue, the Court finds that the burden of producing said document cannot be justified. Dr. Cooke made clear in her testimony that the draft has not been concluded and recommendations have not even been drafted. The Court strains to see any valid use that could be made of such a document in this case. Certainly, a draft which has been completed and adopted as a reflection of Dr. Cooke's thoughts and conclusions is relevant. When such a draft is completed, Defendant is entitled to it.

Based on the foregoing, Defendant's Motion to Compel or, in the Alternative, to Issue an Order to Show Cause [126] is hereby **DENIED**. However, at such time as Dr. Cooke has a draft for submission to the publisher, Plaintiff shall have the obligation to produce such draft to Defendant.

**SO ORDERED**, this  8th  day of October, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)