# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| EMORY UNIVERSITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:07-CV-1528-RWS |
| ) | |
| THE UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |

## RESPONSE TO PLAINTIFF EMORY UNIVERSITY'S ADDITIONAL MATERIAL FACTS IN OPPOSITION TO THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT

The United States, pursuant to Local Rule 56.1 B.(3), submits this Response to Plaintiff Emory University's Additional Material Facts in Opposition to the United States' Motion for Summary Judgment.

1.  The United States objects to Emory's first statement of additional material facts as immaterial to the United States' motion for summary judgment. Emory seeks to use the United States' admissions that Emory paid the "employer's" share of its residents' FICA taxes as an admission that residents' were employed by Emory for purposes of the student exception. [D.E. 138 at 8]. The United States' admission of Emory's tax payments does no such thing.

3694667.1

Rather, the admission serves only to acknowledge that the United States did in fact receive such payments from Emory.

2. The United States objects to Emory's second statement of additional material facts as immaterial to the United States' motion for summary judgment. Emory seeks to use the United States' admissions that Emory paid the "employee" portion of its residents' FICA taxes as an admission that residents' were employed by Emory for purposes of the student exception. [D.E. 138 at 8]. The United States' admission of Emory's tax payments does no such thing. Rather, the admission serves only to acknowledge that the United States did in fact receive such payments from Emory.

3. The United States objects to Emory's third statement of additional material facts as immaterial to the United States' motion for summary judgment. The United States' general summary in previous filings of the broad issues presented by this case does not serve as an admission that Emory's residents qualify as employees under the student exception.

4. The United States admits that its expert witness made the statements attributed to him in Emory's fourth statement of additional material facts. The Court can properly consider this evidence for purposes of the summary judgment

2

3694667.1

motion.

5.  The United States objects to Emory's fifth statement of additional material facts as immaterial to the United States' motion for summary judgment. Emory seeks to use its own response to a request for admission as evidence that its residents meet the prerequisites of the student exception. [D.E. 138 at 10]. However, a party cannot use its own response to a request for admission as evidence. *See In re Air Crash at Charlotte*, 982 F. Supp. 1060, 1068 (D.S.C. 1996) ("A party may not utilize its own admissions at the trial.") (quoting Wright & Miller, Federal Practice and Procedure: Civil § 2264 at 571-72 (1994)); *Burns v. CSX Transp., Inc.*, 1991 U.S. App. LEXIS 1344, Case No. 90-1016, at *6 (4th Cir. Jan. 31, 1991) ("[a] party may not offer his own responses [to requests for admissions] as proof of the facts admitted."); *Underberg v. United States*, 362 F. Supp. 2d 1278, 1283 (D.N.M. 2005) ("a party generally may not introduce statements from its own answers to interrogatories or requests for admission as evidence because such answers typically constitute hearsay when used in this manner").

Moreover, Emory's answer to the United States' request for admission was non-responsive and did not actually admit anything. The United States asked

Emory to admit, simply: "For the 1995-2005 tax years, Emory's residents were employees of Emory University." [D.E. 138, Exhibit K at 17]. Emory would not do so. First, Emory objected to the United States' use of the term "employees" as "vague, ambiguous, and undefined." *Id.* Next, Emory refused to respond to the request for admission in a manner provided for under Federal Rule of Civil Procedure 36. That rule states that if a party does not admit a matter, it must specifically deny it or state why the party cannot truthfully admit or deny it. Instead, Emory's stated that it "admits that residents are students enrolled and regularly attending classes at and also employed by Emory University, and therefore are exempt for FICA taxes under 26 U.S.C. § 3121(b)(10). Therefore, all Emory "admitted" was that its residents qualify for the student exception, i.e., that it should win this case. Accordingly, this response to the United States' request for admission is inadmissible as evidence for Emory and immaterial to the issues presented in the United States' motion for summary judgment.

6. The United States objects to Emory's sixth statement of additional material facts as immaterial to the United States' motion for summary judgment. The interrogatory response Emory quotes is a conclusion of law and is not proper for consideration as a fact material to the United States' motion for summary

judgment under Local Rule 56.1 B(1). Moreover, "a party generally may not introduce statements from its own answers to interrogatories or requests for admission as evidence because such answers typically constitute hearsay when used in this manner." *Underberg v. United States*, 362 F. Supp. 2d 1278, 1283 (D.N.M. 2005).

7. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

8. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

9. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

10. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

11. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

12. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

13. The United States admits that the Court can properly consider this

statement for purposes of this summary judgment motion.

14. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

15. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

16. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

17. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

18. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

19. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

20. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

21. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

22. The United States admits that the Court can properly consider this

statement for purposes of this summary judgment motion.

23. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

24. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

25. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

26. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

27. The United States admits that the Court can properly consider this statement for purposes of this summary judgment motion.

Dated: October 30, 2008           Respectfully submitted,

                                        DAVID E. NAHMIAS
                                        United States Attorney

                                        /s/   David Zisserson
                                        David Zisserson, VA Bar No. 68828
                                        John M. Bilheimer, Arkansas Bar No. 69003
                                        Brian R. Harris, Florida Bar No. 512001
                                        Katherine Walsh, Maryland Bar
                                        Trial Attorneys, U.S. Department of Justice
                                        P.O. Box 14198, Ben Franklin Station
                                        Washington, D.C.  20044
                                        Telephone:
                                             (202) 514-6479 (Zisserson)
                                             (202) 514-6070 (Bilheimer)
                                             (202) 514-6483 (Harris)
                                             (202) 353-7205 (Walsh)
                                        david.zisserson@usdoj.gov
                                        john.m.bilheimer@usdoj.gov
                                        brian.r.harris.@usdoj.gov
                                        katherine.walsh@usdoj.gov

# CERTIFICATE OF SERVICE

      I certify that on this 30th day of October, 2008, I filed the foregoing Response to Plaintiff Emory University's Additional Material Facts In Opposition to the United States' Motion for Summary Judgment with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on the individuals listed below via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                /s/ David Zisserson  
                                                Trial Attorney, Tax Division  
                                                U.S. Department of Justice

| | |
|---|---|
| Brent F. Powell<br>Covington & Burling-DC<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>202-662-5376<br>Fax: 202-778-5376<br>Email: bpowell@cov.com | Henry R. Chalmers<br>Arnall Golden & Gregory - Atlanta<br>Suite 2100<br>171 17th Street, NW<br>Atlanta, GA 30363-1031<br>404-873-8646<br>Email: henry.chalmers@agg.com |
| Eli Hoory<br>Covington & Burling-DC<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>202-662-5305<br>Fax: 202-662-6291<br>Email: ehoory@cov.com | Kent B. Alexander<br>Emory University<br>Office of the General Counsel<br>201 Dowman Drive<br>401 Administration Building<br>Atlanta, GA 30322<br>404-727-6060 Direct |
| Eric C. Bosset<br>Covington & Burling-DC<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>202-662-5606<br>Fax: 202-662-6291<br>Email: ebosset@cov.com | Stephen D. Sencer<br>Emory University<br>Office of the General Counsel<br>201 Dowman Drive<br>Atlanta, GA 30322<br>404-727-2016 |